IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:24-cv-1568

WILLOW CREEK COMPANIES, LLC, a Colorado limited liability company,

Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff Willow Creek Companies, LLC (hereafter "Willow Creek"), by and through its attorneys, Wegener Lane & Evans, P.C., and for its Complaint against Defendant Zurich American Insurance Company (hereafter "Zurich"), states as follows:

### I.  PARTIES

1.  Willow Creek is a Colorado limited liability company authorized to do business in the State of Colorado, and has its principal place of business at 743 Horizon Court, Suite 250, Grand Junction, Colorado 81506.

2.  Willow Creek has two Members: (1) Russell Eugene Fowles, an individual citizen of the State of Utah for the purposes of diversity jurisdiction, who intends to reside in Utah for the foreseeable future; and (2) DPIA Trust, 4189 N. 900 West, Pleasant Grove, UT 84062.  The Members of the DPIA Trust are all citizens of the State of Utah for the purposes of diversity

1

jurisdiction, who intend to reside in Utah for the foreseeable future.

3. Zurich is a New York corporation with a principal address of 4 World Trade Center, 150 Greenwich Street, New York, NY 10007. Zurich can be served through its registered agent in Colorado, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## II.  JURISDICTION AND VENUE

4. The Court has personal and subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as at all times relevant hereto, Defendant was a citizen of the State of New York and Willow Creek is a Colorado limited liability company whose members are both citizens of the State of Utah. Further, the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and pursuant to a Master Service Agreement entered into between Willow Creek and Zurich's insured, Pradon Construction & Trucking Co.

## III.  GENERAL ALLEGATIONS

6. Willow Creek engages in the business of, among other things, constructing and installing pipelines for use in the oil and gas industry.

**A.  The Willow Creek MSA with Pradon, Zurich's insured:**

7. On or about April 16, 2020, Willow Creek entered into a Master Service Agreement (hereafter "MSA") with a subcontractor, Pradon Construction & Trucking Co. (hereafter "Pradon"). Attached hereto as Exhibit 1 is a true and correct copy of the MSA dated April 16, 2020.

8. Under the terms of the MSA, Pradon was required to release, defend, indemnify,

and hold harmless Willow Creek from any liability for and against all claims, demands, and causes of action for every kind arising from or resulting from the performance of the work to be performed under the MSA.  See Exhibit 1, Section 10.

9. In support of its indemnity obligations to Willow Creek, the MSA required Pradon to maintain and keep in force and effect for the benefit of Willow Creek insurance coverages in the minimum amount of $3,000,000, i.e., $1,000,000 for automobile liability and $2,000,000 in umbrella/excess liability to protect Willow Creek and Pradon in the event of an accident or loss.  See Exhibit 1, Section 11(a).

10. The MSA also required Pradon to name Willow Creek as an "Additional Insured" under the policy of insurance, and the policy was required to contain contractual indemnity provisions to qualify as an "insured contract."  See Exhibit 1, Section 11(b).

11. The MSA contained a "Governing Law and Jurisdiction and Venue" provision, stating that the Agreement shall be governed by and construed in accordance with Colorado law, and provided that the state and federal courts in Denver, Colorado, would be the exclusive jurisdiction for any actions or proceedings related in any way to the MSA.  See Exhibit 1, Section 22.

**B.    The Zurich Policy:**

12. Pradon purchased Policy No. BAP 5899661-07 from Zurich, with a policy period running from May 12, 2020 to May 12, 2021 (hereafter the "Policy").

13. Willow Creek was an Additional Insured under the Policy.

14. The Policy states that Zurich will pay all sums an insured legally must pay as damages because of bodily injury to which the Policy applies, which was caused by an accident

and resulting from ownership, maintenance, or use of a covered vehicle.

15.     The Declarations page of the Policy identifies coverage for automobile liability in the amount of $2,000,000.

16.     A "Coverage Extension Endorsement" to the Policy identified, as relevant here, other persons or entities who were "Insureds" under the terms of the policy, in addition to "Additional Insureds" as:

> any person(s) or organization(s) where required by written contract or written agreement with you executed prior to any "accident," including those person(s) or organization(s) directing your work pursuant to such written contract or written agreement with you, provided the "accident' arises out of operations governed by such contract or agreement and only up to the limits required in the written contract or written agreement, or the Limits of Insurance shown in the Declarations, whichever is less.

**C.     The December 2020 Accident and the Lawsuit:**

17.     On December 16, 2020, a First Amended Original Petition and Jury Demand was filed in the 143rd District Court in Reeves County, Texas, Cause No. 20-12-23790-CVR (hereafter the "Lawsuit"), naming Willow Creek as a defendant. The Lawsuit was brought by Plaintiffs Abigail Ornelas, Ma Refugio Mendoza, and Catarino Ornelas, and generally alleged that the actions or inactions of Willow Creek and other defendants resulted in the death of Saul Ornelas at a project site in Reeves County, Texas.

18.     A Sixth Amended Petition and Jury Demand was filed in the Lawsuit on March 22, 2024. The Sixth Amended Petition generally alleged that Saul Ornelas, an employee of Pradon, was fatally injured on a pipeline construction project for Defendant DBM Water Services, LLC. Pradon had been hired by Willow Creek pursuant to the MSA to transport 21 joints of 16" high-density polyethylene line pipe from Defendant Kingsley

4

Constructors, Inc.'s materials yard in Pecos, Texas to the project site in Reeves County, Texas.

19.  The Sixth Amended Petition in the Lawsuit further alleges that Mr. Ornelas delivered the pipe load to the project, and when the unloading process began, multiple pipes fell on top of him, resulting in his death.

20.  With regard to Willow Creek, the Sixth Amended Petition in the Lawsuit raises a cause of action for negligence.

21.  On October 18, 2023, trial in the Lawsuit was set for June 10, 2024.

**D.   Willow Creek's Tender of Defense and Indemnity to Pradon and Zurich:**

22.  Willow Creek timely tendered the defense and indemnity of the Lawsuit to Pradon and Zurich and requested that Pradon and Zurich fulfill their duties to Willow Creek as an additional insured under the Policy, including defending Willow Creek and indemnifying Willow Creek up to the applicable policy limits under the Policy.

23.  On March 9, 2021, Zurich responded to Willow Creek's tender, advising it would provide a complete defense for Willow Creek, and reserving its rights with respect to indemnifying Willow Creek regarding the Lawsuit.

24.  Following a request for clarification from Willow Creek's liability insurance carrier, Travelers, on June 10, 2021, Zurich acknowledged its duty to defend Willow Creek in the Lawsuit and acknowledging Willow Creek was an additional insured under the Zurich Policy.

25.  On August 10, 2021, a Zurich representative identified the applicable limits available under the Policy as being $2,000,000.

26.  On March 12, 2024, approximately three months prior to the beginning of the

5

scheduled trial in the Lawsuit, Zurich provided a supplement to its prior reservation of rights letter, notifying Willow Creek and Travelers for the first time that because the MSA requires a primary automobile policy limit of $1,000,000, Zurich would not extend the full $2,000,000 limit of the Policy as coverage to Willow Creek for the Lawsuit.

27. Willow Creek is entitled to the $2,000,000 policy limit identified in the Policy's declarations for coverage as an additional insured and for indemnity with respect to the claims raised against it in the Lawsuit. Willow Creek therefore now seeks a declaration pursuant to 28 USC § 2201 *et seq*. that the available applicable policy limits available under the Policy from Zurich available with regard to the Lawsuit are the $2,000,000 limits stated on the declarations page to the Policy.

28. Willow Creek also seeks damages against Zurich as the result of Zurich's conduct outlined above, in an amount to be proven at trial.

29. All conditions precedent to suit or payment under the Policy have been satisfied by Willow Creek or waived by Zurich, or Willow Creek is excused from performance due to Zurich's breach of the Policy. Zurich has not been prejudiced by Willow Creek's actions, inactions, or delays, if any.

### IV.     CLAIMS FOR RELIEF

#### First Cause of Action (Breach of Contract)

30. Willow Creek incorporates the allegations contained in the preceding Paragraphs as being fully set forth herein.

31. The Policy is a valid, binding, and enforceable contract in which Zurich promised to provide defense and indemnification coverage to Willow Creek.

32. As an additional insured under the Policy, Willow Creek has standing to assert claims under the Policy and to file suit when Zurich fails to abide by its obligations under the Policy.

33. Zurich breached its obligations under the Policy by refusing to provide coverage benefiting Willow Creek up to the limits of $2,000,000 stated in the Policy Declarations, as stated in Zurich's correspondence to Willow Creek dated March 12, 2024, among other breaches.

34. Zurich's breaches proximately caused damages to Willow Creek, including, but not limited to, unpaid benefits under the Policy, incidental damage, consequential damages, costs of this litigation, attorney fees, and any other damages, all in an amount to be determined at trial.

**Second Cause of Action (Declaratory Judgment)**

35. Willow Creek incorporates the allegations contained in the preceding Paragraphs as being fully set forth herein.

36. Willow Creek seeks a declaratory judgment pursuant to 28 USC § 2201 *et seq*. A justiciable controversy exists between the parties with respect to the Lawsuit, and specifically, whether the applicable limits of coverage under the Policy are $1,000,000 as alleged by Zurich, or $2,000,000, as alleged by Willow Creek and as stated in the Policy declarations.

37. The parties have a bona fide dispute over the amount of the applicable limits of coverage under the Policy, which is affecting Willow Creek's ability to attempt to reach a resolution of the Lawsuit. This dispute will be effectively resolved if the Court grants Willow Creek's requested declaration of the parties' rights and responsibilities.

38. In order to fully and finally resolve the parties' dispute, Willow Creek seeks a declaratory judgment against Zurich that the applicable limits of coverage available under the

Policy are $2,000,0000.

## V.  PRAYER FOR RELIEF

WHEREFORE, Willow Creek respectfully requests an Order for the relief set forth above and as follows:

(a) Awarding Willow Creek such damages as it has sustained as a result of Zurich's breach of contract, and other economic losses, all to be proven at trial;

(b) A declaratory judgment that the applicable limits of coverage available under the Zurich Policy are $2,000,0000;

(c) Awarding Willow Creek its costs, court fees, prejudgment and post-judgment interest, and expert witness fees as allowed by law, and any and all other costs and fees allowed by law; and

(d) Such other and further relief as the Court deems just and necessary.

Respectfully submitted this 5th day of June, 2024.

*/s/ Benjamin M. Wegener*
Benjamin M. Wegener
Wegener Lane & Evans, P.C.
743 Horizon Court, Suite 200
Grand Junction, CO 81506
Telephone: (970) 242-2645
Email: ben@wlelegal.com
***Attorneys for Plaintiff Willow Creek***
